UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| US INFORMATION GROUP LLC,<br><br>                    Plaintiff,<br>   v.<br><br>DATA BLADE LLC and ZACHARY K. VRONA,<br><br>                    Defendants. | Civil Action No. 25-1844 (JKS)<br><br>OPINION |

**CLARK, Magistrate Judge**

      **THIS MATTER** comes before the Court on a motion by Defendants Data Blade LLC ("Data Blade") and Zachary K. Vrona ("Vrona") (collectively, "Defendants") seeking to set aside clerk's entry of default as to Defendant Vrona pursuant to Federal Rule of Civil Procedure[1] 55(c) and further requesting an extension of time to respond to the Complaint. Dkt. No. 7. Defendants' motion was referred to the Undersigned by the Hon. Jamel K. Semper, U.S.D.J. Plaintiff US Information Group LLC ("Plaintiff") filed an Opposition to Defendants' motion and also cross-moved for an order permitting discovery prior to Rule 26(f) initial conference. Dkt. Nos. 10, 11. Defendants replied and opposed Plaintiff's cross-motion. Dkt. No. 12. The Court has carefully considered the relevant submissions and decides the matter without oral argument pursuant to Local Civil Rule 78.1. For the reasons set forth below, Defendants' motion to set aside clerk's entry of default [Dkt. No. 7] is **GRANTED** and Plaintiff's cross-motion for discovery [Dkt. No. 11] is **DENIED**.

---

[1] Hereinafter, "Rule" or "Rules."

1

I.   BACKGROUND

Plaintiff US Information Group LLC ("Plaintiff") filed this infringement action against Defendants Data Blade LLC ("Data Blade") and Zachary K. Vrona ("Vrona") (collectively, "Defendants") on March 13, 2025, alleging state and federal claims of false designation of origin[2] and unfair competition and violations of the Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d).  *See generally* Dkt. No. 1 ("Compl.").  Plaintiff is a New Jersey corporation providing an online service to help businesses understand and fulfill certain reporting obligations required under the federal Corporate Transparency Act (the "CTA").  Compl. ¶ 9.  Beginning in January 2024, the CTA began mandatory reporting of beneficial ownership information ("BOI") for covered United States businesses.  BOI is information pertaining to the persons or entities who ultimately own or control covered businesses under the CTA.  BOI is to be reported directly to the United States Department of the Treasury's Financial Crimes Enforcement Network (FinCEN) during a company's designated reporting period. [3,4]

To facilitate its online service, Plaintiff developed a website in or around September of 2024, BOIR.com.  *Id*.  Plaintiff "invested substantial time, money, and creativity into designing a unique and user-friendly website for BOIR.com."  *Id.*  Plaintiff's website distinctively featured "original content, a creative layout and color scheme, a stylized logo and emblem."  *Id.* ¶ 10.  BIOR.com also contained "original, user-friendly educational material and a portal to facilitate

---

[2] Also known as "passing off" claims "because the defendant has allegedly used the plaintiff's trademark to brand its own products as the plaintiff's—i.e., as ones that may properly bear the mark."  *Alpha Pro Tech., Inc. v. VWR Int'l, LLC*, 984 F. Supp. 2d 245, 453 (E.D. Pa. 2013).
[3] *See* Internal Revenue Service, *Report beneficial ownership information*, https://www.irs.gov/businesses/report-beneficial-owner-information, (accessed Dec. 15, 2025).
[4] *See* Financial Crimes Enforcement Network, *Frequently Asked Questions*, https://www.fincen.gov/boi-faqs, (accessed Dec. 15, 2025).

direct reporting of beneficial ownership information to the required federal agencies," amongst other unique identifiers. *Id.* "By late 2024, [Plaintiff's] BOIR.com website had an established reputation and was uniquely associated with [Plaintiff's] services in the minds of consumers." *Id.* ¶ 10.

Plaintiff's claims arise out of Defendants' alleged copying of its BOIR.com website and Plaintiff's related branding, which Plaintiff asserts that Defendants did "willfully" and "in an effort to mislead consumers and hijack [Plaintiff's business]." *Id.* ¶ 1. Specifically, Plaintiff alleges that Defendants copied "essentially every element" of Plaintiff's website, including Plaintiff's logo, color scheme, and all textual and legal content. *Id.* ¶¶ 12-13. Defendants are further alleged to have registered the similar domain names of "filetheboir.com" and "boirfile.org." (the "Data Blade Websites") to intentionally capitalize on Plaintiff's goodwill and to confuse consumers. *Id.* ¶¶ 12-15; *see also id.* ¶ 20 (alleging actual consumer confusion). After registering those similar domain names, Defendants launched the Data Blade Websites. Plaintiff claims the Data Blade Websites are identical to, and thus infringe upon, Plaintiff's BOIR.com website. *Id.* Plaintiff also claims that Defendants created a third website, BOIRgirl.com, to process customer transactions made through the Data Blade Websites. *Id.* ¶¶ 16-17. According to Plaintiff, Defendants created the BOIRgirl.com "to obscure the true profits" from the Data Blade Websites. *Id.* ¶ 18.

Little time passed before Plaintiff discovered the apparent infringement. Thereafter, Plaintiff took steps to protect its intellectual property and reputation. *Id.* ¶ 21. Plaintiff sent multiple takedown notices to internet providers in late 2024 and early 2025, requesting that the Data Blade Websites be removed or disabled pursuant to the Digital Millenium Copyright Act (DCMA). *Id.* Defendants allegedly responded by attempting to thwart Plaintiff's takedown efforts, "falsely claiming" to be the original creator of Plaintiff's websites. *Id.* Plaintiff then

3

received a cease-and-desist letter from Defendants, demanding that Plaintiff take down its BOIR.com website. *Id.* Shortly thereafter, Plaintiff filed this infringement action.

On March 22, 2025, Plaintiff filed a certificate of service as to Vrona. Dkt. No. 5. Vrona was served on or about March 17, 2025, making his answer due on April 7, 2025. *Id.* Vrona did not file his response to Plaintiff's Complaint by the deadline. Thus, on April 8, 2025, Plaintiff moved for Clerk's Entry of Default as to Vrona. Dkt. No. 6. The Clerk entered default against Vrona on April 11, 2025. Approximately one month later, Defendants filed the instant motion to set aside clerk's entry of default as to Vrona and also requested an extension of time to answer or otherwise respond to Plaintiff's Complaint. Dkt. No. 7. Plaintiff filed an Opposition to Defendants' motion on June 2, 2025. Dkt. No. 10. On the same day, Plaintiff cross-moved for expedited discovery prior to Rule 26(f) conference. Dkt. No. 11. Vrona replied on June 9, 2025 and also opposed Plaintiff's cross motion. Dkt. No. 12.

## II.     LEGAL STANDARD

Federal Rule of Civil Procedure 55 requires the clerk of court to enter default against a party from whom a judgment or affirmative relief is sought when that party has failed to plead or otherwise defendant against the action. Fed. R. Civ. P. 55(a). Rule 55(c), on the other hand, permits the Court to "set aside an entry of default for good cause." Fed. R. Civ. P. 55(c); *see Bailey v. United Airlines*, 279 F.3d 194, 204 (3d Cir. 2002). In determining whether good cause exists to set aside an entry of default, courts in this district consider the following four factors: (1) prejudice to the plaintiff; () whether the defendant has asserted a prima facie meritorious defense; (3) whether the default is excusable or the result of the defendant's culpable conduct; and (4) the effectiveness of alternative sanctions. *Lee v. Gallina Mecca*, No. 22-2871, 2023 WL 5814783, at *2 (3d Cir. Sept. 8, 2023); *see also Emcasco Ins. Co. v. Sambrick*, 834 F.2d 71, 74 (3d Cir. 1987) (citing *Poulis*

4

*v. State Farm Fire and Cas. Co.*, 747 F.2d 863, 868 (3d. Cir. 1984)). Ultimately, "[t]he decision to vacate the entry of default is within the discretion of the court." *Thurston Law Offices LLC v. Rue*, No. 24-11533, 2025 WL 2603452, at *1 (D.N.J. Sept. 9, 2025) (quoting *Engie Power & Gas LLC v. Adorama*, No. 24-6480, 2024 WL 4818772, at *1 (D.N.J. Nov. 18, 2024)).

The Third Circuit has repeatedly expressed its preference that cases be resolved on the merits. *Catanzaro v. Fischer*, 570 F.App'x 162, 165 (3d Cir. 2014) (citing *Hritz v. Woma Corp.*, 732 F.2d 1178, 1181 (3d Cir. 1984)). Defaults are therefore disfavored. Doubtful cases must be resolved in favor of the party moving to set aside the entry of default. *Lee*, 2023 WL 5814783, at *2; *see U.S. v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 194 ("[T]his court does not favor entry of defaults or default judgments."). To that end, "[o]n a motion to vacate default, the Court takes the defendant's mere allegations as true." *Panda Americas, Inc. v. Future Fund Invs. Corp.*, No. 25-2641, 2025 WL 2828346, at *1 (D.N.J. Oct. 6, 2025) (citing *Emcasco*, 834 F.2d at 74). The Court moves next to a summary of the present motions and the parties' arguments.

### III. THE ARGUMENTS

#### A. Vrona's Motion to Set Aside Default

Defendants move to set aside clerk's entry of default as to Vrona for two main reasons. *See generally* Dkt. No. 7-1 ("Moving Br."). They first contend that the entry of default was invalid because Plaintiff failed to properly serve Vrona under Rule 4. Moving Br. p. 1. Second, Defendants argue that they have demonstrated good cause for vacating the entry of default. *Id.*

#### i. Improper Service

Regarding Defendants' contention of improper service, Plaintiff claims to have properly served Defendant Vrona "by lea[ving] the Summons and Complaint at Defendant Vrona's usual place of abode in Tempe, Arizona, with a co-resident of suitable age and discretion" in compliance

5

with Rule 4(e)(2)(B). Moving Br. p. 5 (citing Dkt. No. 6 ("Pl.'s Request for Entry of Default") at p. 4).[5] However, Defendants claim that the Tempe, Arizona address where Plaintiff served Vrona is not Vrona's "dwelling or usual place of abode" under the meaning of Rule 4(e)(2)(B). *Id.* That is why, Defendants state, Plaintiff's process server was unable to personally serve Vrona and "why a neighbor told Plaintiff's process server that they didn't know Vrona." *Id.* pp. 5-6 (citing Dkt. No. 5 ("Aff. of Service") at pp. 1-2) (internal quotations omitted). Defendants instead contend that Vrona lives in Dallas, Texas. Dkt. No. 12 ("Reply Br.") p. 1; *see also* Dkt. No. 7-2 ("Vrona Decl.") at ¶ 3. Vrona has also submitted a personal declaration in connection with his motion, stating that he does not reside at the address in Arizona where Plaintiff attempted to serve him and that he is a Texas resident. Vrona Decl. ¶ 2. Although Defendants admit that the business and registered agent for Defendant Data Blade is the Tempe, Arizona address where Plaintiff attempted to personally serve Vrona, Defendants maintain that personal service upon Vrona was improper.[6] Considering the allegedly improper service, Defendants urge this Court to set aside Vrona's clerk's entry of default.

---

[5] Crucial to Defendants' improper service argument is Rule 4(e). Rule 4(e) governs service upon an individual within a judicial district of the United States. "Unless federal law provides otherwise," an individual may be served by (1) following the law of state where service or made or (2) in the manner prescribed by Rule 4(e)(2), which provides for (A) personal service, (B) delivery of the summons and complaint "at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there," or (C) delivery to an authorized agent. Fed. R. Civ. P. 4(e). At issue here is the manner authorized by Rule 4(e)(2)(B).

[6] *See* Vrona Decl. ¶ 4; Reply. Br. at p. 7 ("Here, Defendant Vrona is being served as an individual, not as a registered agent or corporate officer. . . . [Plaintiff,] [b]y admitting that [it] relied on Defendant Vrona's address as a registered agent and corporate officer to serve Defendant Vrona as an individual, . . . all but admits that Plaintiff failed to properly serve Defendant Vrona under Rule 4(e)(2)(B).").

6

Plaintiff responds to Defendants' improper service argument by arguing at length to the contrary—that personal service upon Vrona was proper. Dkt. No. 10 ("Opp'n Br.") p. 9. In fact, Plaintiff further claims that "Defendants actively evaded service" by "refus[ing] to answer the door for Plaintiff's process server despite being audibly home." *Id.* p. 8.

Because it appears that the parties' arguments concerning the validity of service upon Vrona would be better suited to resolution on a dispositive motion, the Court declines to address them herein. Instead, the Court will decide Defendants' motion on Rule 55(c) grounds alone and moves next to the parties' arguments on whether Defendants have demonstrated good cause for vacating the entry of default.

### ii. Good Cause under Rule 55(c)

Plaintiff argues that Defendants have not shown good cause for vacating the entry of default. Plaintiff's argument is primarily based on the assertion that Vrona has failed to establish a meritorious defense despite his obligation to do so under Rule 55(c). *See* Opp'n Br. p. 9. Furthermore, Plaintiff contends that Vrona's default was "willful" because Vrona "concedes he was well aware of this lawsuit as of March 18, 2025" yet Vrona did not file his response to the Complaint or request an extension of time to respond. *Id.* Moreover, Plaintiff proffers that "evidence indicates that the default was taken in bad faith to delay and gain more time to defraud customers through . . . [Defendants'] BOIRgirl.com website." *Id.*

Putting aside Defendants' argument that Plaintiff's insufficient service renders the entry of default invalid, Defendants argue that they have demonstrated good cause under Rule 55(c), warranting set aside of the entry of default as to Vrona. Moving Br. at p. 7. First, they argue that Plaintiff would not be prejudiced because "[t]his action is still in its infancy." *Id.* pp. 7-8. Second, Defendants set forth six defenses to Plaintiff's claims which the Court will discuss below. *See id.*

7

p. 8. Defendants assert that "[i]f established, all of the[] proposed defenses . . . would be a complete defense to this action and[,] therefore, are meritorious defenses" for purposes of their motion to vacate the entry of default. *Id.* Third, Defendants maintain that the entry of default was not the result of culpable conduct. *Id.* p. 9.

### B. Plaintiff's Motion for Discovery Prior to Rule 26(f) Conference

Concerning Plaintiff's motion for expedited discovery, Plaintiff aptly states that Rule 26(d)(1) "generally bars parties from seeking discovery before the Rule 26(f) conference, absent a court order or stipulation." Opp'n Br. p. 10. However, Plaintiff argues that, because it has shown good cause, the Court should permit expedited discovery. Plaintiff is largely concerned over Defendants' conduct which, as stated, Plaintiff believes has been willful and in bad faith.[7] In Plaintiff's view, Defendants' "avoid[ance] [of] service," "efforts to stall," and "delet[ion]" of "electronically stored data and information," "obfuscate[s] Plaintiff's ability to prove its case." Opp'n Br. p. 25. Hence, Plaintiff moves for limited expedited discovery and a preservation order "to prevent further spoliation of evidence and unfair prejudice to Plaintiff." *Id.* If permitted expedited discovery, Plaintiff would seek to obtain "key evidence" by "immediately serv[ing] Rule 45 subpoenas on third-party service providers, Stripe Inc., SG Hosting, Inc., Wix.com Ltd., NameCheap, Inc., and GoDaddy.com, LLC." *Id.* p. 26. Plaintiff believes these third-party entities are likely to possess records which are relevant to this litigation and "currently at risk of disappearance. *Id.*

---

[7] *See also* Opp'n Br. p. 10 (arguing Defendants' deleted the Data Blade Websites in "an attempt to cover their tracks" and to compromise Plaintiff's ability to prove its claims).

In opposition, Defendants maintain that Plaintiff's speculative concerns over preservation of evidence fail to amount to good cause for expedited discovery here. Reply Br. pp. 13-14. Defendants point to communications between their counsel and Plaintiff's counsel made after this litigation was initiated as evidence that any deletion of content from the Data Blade Websites "was, in reality, good faith compliance with Plaintiff's demand during [] settlement negotiations." *Id.* p. 14. Accordingly, Defendants request denial of Plaintiff's cross-motion because, first, "Defendants possess and will preserve the information [Plaintiff] s[eeks]" and, second, Defendants believe that Plaintiff has not demonstrated good cause. *Id.*

## IV.  ANALYSIS

### A.  Defendants' Motion to Set Aside Entry of Default

Turning first to the second Rule 55(c) factor, Plaintiff asserts that Vrona has not sufficiently alleged a meritorious defense "because he relies on 'simple denials or conclusory statements,' rather than the required 'specific facts' supporting his alleged meritorious defense." Opp'n Br. p. 9 (quoting *$55,519.05 in U.S. Currency*, 728 F.2d at 195). Whether Defendants have asserted a meritorious defense is a "threshold" question. *$55,519.05 in U.S. Currency*, 728 F.2d at 195. "This is the critical issue because without a meritorious defense [Defendants] could not win at trial. Therefore, there would be no point in setting aside the default . . . if [Defendants] could not demonstrate the possibility of [] winning." *Id.* "The showing of a meritorious defense is accomplished when 'allegations of defendant's answer, if established on trial, would constitute a complete defense to the action.'" *$55,519.05 in U.S. Currency*, 728 F.2d at 195 (quoting *Tozer v. Charles A. Krause Milling Co.*, 189 F.2d 242, 244 (3d. Cir. 1951)).

Vrona has asserted six potential defenses: "(1) lack of personal jurisdiction; (2) insufficient service of process; (3) failure to state a claim; (4) failure to join an indispensable party under Rule

9

19; (5) lack of a distinctive mark; (6) lack of ownership of claimed mark; and more." Moving Br. p. 8. Although Vrona has provided a detailed explanation of the facts giving rise to his defense for insufficient service of process, he otherwise provides little factual explanation regarding the rest of his proposed defenses. He has, however, offered to provide supplemental information concerning his defenses by submitting his proposed Answer for the Court's consideration. *Id.* p. 9. Notwithstanding, at first glance it appears to the Court that at least some of Defendants' proposed defenses would completely bar Plaintiff's recovery if those defenses were established at trial. Plaintiff's cybersquatting claim (Count Two) requires a showing that Plaintiff's mark is distinctive or famous. *See Shields v. Zuccarini*, 254 F.3d 476, 482 (3d Cir. 2001) (setting forth elements of cybersquatting claim). Defendants' proposed defense for lack of a distinctive mark, if proven true, would bar recovery on Plaintiff's cybersquatting claim. Defendants' proposed 12(b)(6) claim and/or Defendants' defense of lack of ownership would appear to bar recovery on Plaintiff's unfair competition claims and its claim of false designation of origin.

In situations like the present, where Defendants seek "to vacate only the entry of default, as opposed to [a] default judgment, courts in this circuit seem unwilling to deny the motion to set aside entry of default solely on the basis that no meritorious defense exists." *Rue*, 2025 WL 2603452, at *2 (quoting *DirecTV, LLC v. Alvarez*, No. 15-6827, 2017 WL 4284526, at *3 (D.N.J. Sept. 27, 2017)) (internal quotation marks omitted); *see also Nat'l Spec. Ins. Co. v. Papa*, No. 11-2798, 2012 WL 868944, at *2 (D.N.J. March 14, 2012) (recognizing lack of meritorious defense as dispositive on a motion to vacate entry of default judgment but not on a motion to vacate entry of default and collecting cases). Thus, at this early stage of the litigation, the Court finds that Vrona has met the minimal showing required for a meritorious defense. *Brink v. Borman*, No. 23-497, 2024 WL 3159433, at *5 (D.N.J. June 25, 2024); *see also Feliciano v. Reliant Tooling Co.*,

691 F.2d 653, 656 (3d Cir. 1982) ("Less substantial grounds may be adequate for setting aside a default than would be required for opening a judgment."). Accordingly, the second factor weighs in favor of setting aside the entry of default as to Vrona.

The Court will next consider whether vacating the clerk's entry of default would cause prejudice to Plaintiff. This factor also weighs in favor of vacating clerk's entry of default. Plaintiff's actions thus far include filing and arguably service of the Complaint, requesting a clerk's entry of default, and filing a cross-motion for expedited discovery. "While setting aside the entry of default would undue Plaintiff's minimal efforts thus far, in this Court's view, such result would not constitute prejudice to Plaintiff." *Nyholm v. Price*, 259 F.R.D. 101, 105 (D.N.J. 2009). Furthermore, the initial Rule 26(f) conference has not yet occurred in this matter. Hence, vacating the entry of default would not cause any delays in discovery. Rather, permitting Vrona to defend against Plaintiff's claims would move this action forward in accordance with the Third Circuit's strong preference for resolving cases on the merits.

Plaintiff claims that it would "suffer tremendous prejudice" were the Court to set aside the entry of default from "loss of data," which Plaintiff claims Vrona spoliated and deleted from the Data Blade Websites "to conceal [their] misconduct." Opp'n Br. p. 18. Loss of evidence and potential for fraud may support a finding of prejudice. *See Kelly v. Vigilint Expeditionary Sols., Inc.*, No. 24-503, 2024 WL 4607436, at *2 (D.N.J. Oct. 29, 2024) (quoting *Feliciano*, 691 F.2d at 657). But Plaintiff's suggestions of prejudice appear entirely speculative at this juncture. What's more, Plaintiff's concerns over preservation of evidence are diminished by Vrona's obligation to preserve any evidence which may ultimately bear on the litigation. Vrona's counsel asserts that no key evidence was lost when Defendants revamped their website in response Plaintiff's concerns over infringement. Reply Br. p. 14; *see also* Dkt. No. 12-1 at 7 (Plaintiff

11

requesting that Defendants "completely revamp" their websites). Indeed, "Defendants possess and will preserve the information sought." *Id.* Therefore, Plaintiff has not sufficiently shown prejudice. The first factor likewise weighs in favor of vacating the entry of default.

Finally, the Court must consider whether the entry of default was the result of culpable conduct on the part of Defendants, particularly Vrona. "Culpable conduct is more than mere negligence; it is willful, intentional, reckless or bad faith behavior." *Rue*, 2025 WL 2603452, at *2 (internal quotations and citations omitted). Plaintiff repeatedly argues that Defendants have acted willfully and in bad faith in failing to respond the Complaint. Vrona predictably avers that he did not willfully avoid service or act in bad faith. *See* Moving Br. p. 9 (attributing delays in responding to the Complaint to Plaintiff's allegedly improper attempts to serve him and stating "Defendant Vrona is eager to participate in and resolve this matter").

Here, a review of the record clearly demonstrates that counsel for Defendants has been actively engaged in the litigation since March of 2025. Plaintiff's own exhibits show that counsel for the parties exchanged a series of communications concerning "amicable resolutions" beginning in March of 2025. Dkt. No. 10-8 at 2. On March 11, 2025, Plaintiff's counsel requested that Defendants:

> completely revamp [their] website so as not to copy from [Plaintiff's] website at all. If your client creates a non-confusing original website, with its own content . . . then that would be sufficient. I think the most efficient approach would be for your client to propose a revised version of its website and I'll get it reviewed by my client.

Dkt. No. 12-1 at 7. Defendants' counsel stated that he would discuss such proposal with Defendants but needed time to do so. Dkt. No. 12-1 at 6. Days later, Plaintiff's counsel responded that "[a] mere revamp of [Defendants websites'] will not be sufficient" and admonished Defendants for "dodging service." Dkt. Nos. 10-8 at 2; 12-1 at 6. On March 24, 2025, Defendants'

12

counsel stated that, although he was not authorized to accept service, Defendants were willing to discuss "amicable settlement terms to avoid unnecessary legal fees and litigation costs." Dkt. No 10-9 at 2. He further communicated that Defendants "intend[ed] to shut down [the Data Blade Websites]," rendering injunctive relief moot. *Id.* Counsel for the parties continued to exchange a series of communications. They were unable to reach a mutually agreeable resolution, resulting in Plaintiff's request for clerk's entry of default in April of 2025. Little more than a month later, Defendants filed their motion to vacate the entry of default.

The aforementioned communications do not indicate "willful misconduct" as Plaintiff alleges. They oppositely indicate a willingness on Defendants' behalf to resolve this matter. In any event, the Court must accept Defendants' allegations as true on a motion to vacate default. *See Panda Americas, Inc.*, 2025 WL 2828346, at *1 (citing *Emcasco*, 834 F.2d at 74). In turn, the Court concludes that there is no evidence suggesting that Defendants' failure to timely respond to the Complaint was the product of bad faith or other willful, intentional, or reckless conduct. As such, the third factor weighs in favor of Defendants. Because all three Rule 55(c) weigh in favor of vacating clerk's entry of default as to Vrona, Defendants' motion is **GRANTED**.

### B. Plaintiff's Motion for Expedited Discovery

The Court will deny Plaintiff's motion for expedited discovery prior to Rule 26(f) conference for substantially similar reasons to those expressed above in granting Defendants' motion to vacate clerk's entry of default. Plaintiff has not demonstrated that Defendants' conduct warrants the requested expedited discovery. Additionally, the Court is unconvinced that waiting until after a Rule 26(f) conference to permit discovery would "prejudice Plaintiff irreparably." Opp'n Br. p. 29. Defendant has promised that it is largely in possession of the information that Plaintiff seeks. Moreover, the Court will soon conduct an initial conference in this matter. Plaintiff

13

will then be permitted to issue its requested third-party subpoenas. Accordingly, Plaintiff's cross-motion for discovery is **DENIED**.

V.     **CONCLUSION**

In sum, all three Rule 55(c) factors weigh in favor of setting aside clerk's entry of default as to Defendant Vrona. The Court further recognizes that dismissal in this instance would constitute an extreme sanction. Therefore, the Court concludes that Defendants have demonstrated good cause for setting aside clerk's entry of default as to Defendant Vrona under Rule 55(c). Defendants' motion to set aside clerk's entry of default [Dkt. No. 7] is therefore **GRANTED**. Additionally, because Plaintiff has failed to set forth good cause for expedited discovery, Plaintiff's cross-motion for discovery [Dkt. No. 11] is **DENIED**. An appropriate Order accompanies this Opinion.

**SO ORDERED**.

<u>s/ James B. Clark, III</u>
**JAMES B. CLARK, III**
**United States Magistrate Judge**
Date: 12/16/2025